UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE BLOOMINGBURG JEWISH EDUCATION CENTER, INC. ET AL, <br><br>Plaintiffs, <br><br>vs. <br><br>THE VILLAGE OF BLOOMINGBURG, ET AL, <br><br>Defendants | Case No.: 14 –CV-07250-KBF <br><br> AFFIDAVIT OF TEEKARAM PERSAUD SUPPORTING MOTION TO QUASH NON-PARTY DISCOVERY SUBPOENAS |

TEEKARAM ("TEEK") PERSAUD, being first duly sworn, deposes and says:

1. I am a citizen of the United States and the State of New York, and a resident of Sullivan County.

2. I give this affidavit in support of the motion by Rural Community Coalition, Inc. ("RCC"), myself, Holly Roche and Anita Hoppe to quash subpoenas issued to us in the above captioned litigation. None of us are parties to this litigation, and all of us are located or reside and work in Sullivan County, several hours north of New York City.

3. I serve without compensation as the Treasurer of the RCC. I have received subpoenas addressed to me personally and to the RCC, copies of which are being filed with this motion. Those subpoenas would require my attendance in Manhattan for deposition. I do not believe I have any personal knowledge that any actions or

AFFIDAVIT OF TEEKARAM PERSAUD

decisions of the Village of Bloomingburg or the Town of Mamakating have been motivated by anti-semitism or ethnic prejudice of any kind.

4. With my brother, I own and operate the Quickway Diner on Route 17K in Bloomingburg, New York, a business which requires regular on-premises management and supervision. For me to attend in Manhattan a deposition of indeterminate duration would be a substantial inconvenience to me and also an imposition on my brother who would have to cover my responsibilities in our business.

5. RCC is a not-for-profit corporation, incorporated in October 2012, and located in Sullivan County, New York. It was created to preserve the rural heritage of the towns of Mamakating, Wallkill, and Crawford, and other surrounding communities, and to hold its elected officials accountable to adhere to the law and to respond ethically and proactively to the concerns of local residents. RCC declares, as its mission statement, that

> "The RCC creates an environment that advocates for people to work cooperatively, communally and collectively; to hold its elected officials to the highest standards in accordance with the law; to work proactively for transparency and inclusivity in their governance; and to represent the will of the people who elected them with the goal of maintaining the character of the community in its growth."

6. RCC was formed in response to information that a proposed housing development in or near Bloomingburg, previously described to us as consisting of 125 single family houses, each on its own two acre lot, in a gated community with a golf course,

intended primarily for weekenders, would instead start with something totally different: nearly 400 units of high-density housing. We became concerned that our local officials had failed to adequately investigate the proposed development, or inform the citizens of our Village, and that there appeared to be irregularity, if not outright illegality, in the way this was being conducted.

7. Certainly, no kind of anti-ethnic sentiment played any role whatsoever in my participation in RCC, or, so far as I have observed, in that of any other RCC Board members, in our concern over imprudent high-density development in this rural and rustic corner of New York. Those active in the leadership of RCC are from many different ethnic and religious backgrounds. RCC's current President is herself Jewish.

8. RCC and its participants have, with volunteer labor and at great personal expense, made efforts to learn the truth about the proposed development, and to take what legal action was appropriate, to the extent we could afford to do so. Those efforts have led RCC to bring litigation challenging the Village's unauthorized annexation of land for the development, and led us to assist in exposing fraudulently registered voters whom the developer apparently recruited to rig our elections. We accumulated a tremendous amount of factual and legal research, boxes filled with copies of public records, obtained either by in person public records searches, or pursuant to the Freedom of Information Act or Freedom of Information Law requests. Copies of some of that material was furnished to the Federal Bureau of Investigation, which is apparently investigating some of these matters. (The newspapers in mid-March 2014 reported an FBI "raid" of the developer's properties and the seizure of records.)

9. Assembling, sorting and reproducing for production to the plaintiffs all of that material would be costly. Perhaps more important, it would unfairly give the developer insight, to which it should not be entitled, into the strategies and analyses of RCC and its participants and our counsel.

10. Finally, I know from personal observation that the service of these subpoenas has taken a toll among the RCC community. Some of our members are intimidated by the prospect of having to travel a great distance to answer questions for the lawyers of the developer who is threatening our community. It is and will be increasingly difficult to communicate among the participants and even the Board of the RCC if, as these subpoenas assert, everything we write or email will be subject to outside scrutiny and have to be turned over to a hostile adversary, with apparently limitless funds for lawyers, who is intent on taking over our Village.

11. For the reasons stated by our counsel, I request that this Court quash the subpoenas at issue.

Teekaram Persaud

Sworn to before me on March 19, 2015

NOTARY PUBLIC

YUKTESWAR PERSAUD
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 03-4939762
Qualified in Orange County
Commission Expires Aug 01, 20_18_

AFFIDAVIT OF TEEKARAM PERSAUD