

179 WESTBURY AVENUE, CARLE PLACE, NEW YORK 11514   PHONE (516) 334-4500   FAX (516) 334-4501   WWW.SOKOLOFFSTERN.COM

LEO DORFMAN
LDORFMAN@SOKOLOFFSTERN.COM

September 8, 2015

Hon. Katherine B. Forrest
United States District Court
500 Pearl Street
New York, NY 10007-1312

**VIA ECF**

    Re:    *Sullivan Farms II, Inc., et al. v. Vill. of Bloomingburg., et al.,*
              Docket No. 14-CV-7250 (KBF)

Your Honor:

    On behalf of the Town of Mamakating Defendants, we **respectfully request that the Court sustain Defendants' objections and deny Plaintiffs' motion to compel the Town to produce documents responsive to 21 requests**, many of which are not relevant to any claim or defense in this case, and all of which are overbroad, unduly burdensome, and not proportional to the needs of the case.

    Plaintiffs' demands are so slipshod and overbroad that it appears they were designed more to overwhelm the Towns' resources than to obtain legitimate discovery. While Plaintiffs pay lip-service to the proper scope of discovery – relevance – only a handful of their demands are actually tailored to discovery of relevant evidence. Several demands seek discovery on claims this Court recently dismissed, including those relating to the religious school, the failed dissolution of the Village, and the intermunicipal agreement to transfer Planning Board jurisdiction. Several seek discovery on claims that are not and were never part of this case, like those relating to voting irregularities in the Town and Village and those relating to "Other Plaintiff Properties," which are unidentified properties that have nothing to do with the allegations of the complaint.

    Relevance aside, the demands all suffer from vagueness and remarkable overbreadth. For example, Plaintiffs seek *all* documents "concerning Jews," (**Req. 1**); *all* documents "concerning the character … of the Village, the Town, or the surrounding area," (**Req. 2**); *all* documents concerning the election campaigns of various officials (**Req. 8**); *all* documents "concerning the RCC or the Rural Heritage Party," (**Req. 14**); *all* communications with any member of the RCC, regardless the subject matter (**Req. 14**); *all* documents "concerning or discussing the Village or officials of the Village," regardless the subject matter (**Req. 16**); *all* communications between the Town and Village about development in the Town or Village (**Req. 17**); *all* documents "concerning the validity of any vote cast in … any Village, Town or state election," (**Req. 18**); *all* documents "concerning the issuance of building permits and certificates of occupancy," (**Req. 24**); and *all* documents "concerning enforcement activities for code violations," (**Req. 25**).

**SOKOLOFF STERN LLP**

Hon. Kathleen B. Forrest
September 8, 2015
Page 2 of 5

On August 14th, the Town served timely responses and objections. The Town agreed to respond to three of the demands (**Reqs. 4**, **13**, and **29**) as drafted, but objected to the rest on various grounds, including relevance, vagueness, and, of course, overbreadth. Far from delaying or obstructing, we worked quickly and diligently to explain the Town's objections and to negotiate some language that was not so ludicrously overbroad as to make meaningful responses impossible. Yet, much of this discussion has been in vain - Plaintiffs have resolutely refused to narrow any of their demands,[1] but have only agreed to "provide guidance" for Requests 1 and 2. Ignoring the bulk of Defendants' objections, Plaintiffs now ask the Court to order responses to *all* their demands, no matter how overbroad or unduly burdensome. Defendants respectfully ask that this motion be denied in its entirety and that Plaintiffs be required to propound new demands that are proportional to the case and tailored to the discovery of relevant evidence.

### Rule 26 Limits Discovery to Matters That Are Relevant to a Claim or Defense and Proportional to the Needs of the Case

Plaintiffs correctly acknowledge that discovery under the Federal Rules is limited to "any nonprivileged matter that is *relevant to any party's claim or defense*." Fed. R. Civ. P. 26 (emphasis added). Yet, Plaintiffs repeatedly assert they are entitled to anything "reasonably calculated to lead to the discovery of admissible evidence." This is not the correct standard. According to the Rules Advisory Committee, the "reasonably calculated" language "has never been intended to define the scope of discovery."[2] For this reason, new language that takes effect on December 1st omits "reasonably calculated" altogether, and provides instead: "*Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case*, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26 (emphasis added).

In this case, Plaintiffs should not be permitted to conduct wide-ranging discovery that is relevant only to claims that have already been dismissed and that is not proportional to the needs of the case. In its June 9 Opinion, this Court dismissed all claims except for "Plaintiffs

---

[1] That the Village did not raise similar objections to "parallel" requests has no bearing on the legal status of Plaintiffs' demands. The Village may have a different policy with request to responding to demands. Or, perhaps, having about 1/30 the population and about 1/330 the area of the Town, it might have decided that the number of documents potentially at issue was not worth the trouble of litigating its objections.
Additionally, the Town has not "refused to use the search terms that the Village employed or proposed its own." Plaintiffs proposed 98 terms, many of them ill-conceived. For example, Plaintiffs want the Town and Supervisor Herrmann to search for the term "Herrmann." They also demand searches for "engineer," "sheriff," "Planning Board," "culture," and "school." These terms are too generic to be of any use. In any case, we explicitly agreed to negotiate search terms after the Court ruled on the scope of permissible discovery.

[2] "It is merely a ban on admissibility-based refusals to provide relevant discovery. And yet lawyers and courts often rely on this provision as an independent definition of the scope of discovery that extends beyond information relevant to the parties claims or defenses, or even the subject matter of the action." Proposed Amendments to the Federal Rules of Civil Procedure, dated Apr. 29, 2015, at 12–13.

SOKOLOFF STERN LLP
Hon. Kathleen B. Forrest
September 8, 2015
Page 3 of 5

Rosenbaum and Winterton Properties … claims for relief based on the mikvah allegations under § 1983 … and § 1985 against the Town, the Town ZBA, and Herrmann in his official capacity … and Plaintiff Sullivan Farms … claims for relief based on the Chestnut Ridge allegations under § 1983 …, § 1985, and the FHA….” June 9 Opinion, pp 55-56. The Court, thus, dismissed for failure to state a claim and for lack of standing all claims relating to the religious school, the intermunicipal agreement, the vote against dissolution, and various properties in the Town and Village that have nothing to do with Chestnut Ridge and the mikvah. As such, discovery falls outside the scope permitted by Rule 26 as not relevant to any claim or defense in this case.[3]

For these reasons, the Court should deny Plaintiffs' motion to compel responses to **Req. 5** (Religious School), **Req. 11** (dissolution of Village Planning/Zoning Boards), **Req. 12** (proposed dissolution of Village); and **Req. 13** (Village building moratorium). Similarly, the Court should deny broad discovery on "Former Plaintiffs" (**Reqs. 3, 8, 9, 15, 17, 20, 21, 22, 23**), those that have been dismissed from the case.

**The Town's Objections Should Be Sustained**

**(1) "Documents Concerning Plaintiffs and Their Properties"** - Plaintiffs jam together eight separate demands, arguing that they should all be granted as requests for "documents concerning Plaintiffs and their affiliated properties." The Town does not have any objection to responding to proper demands that actually relate to Plaintiffs and the properties that are the subject of this litigation. But Plaintiffs' framing is deceptive, and they seek much more than just these relevant records. Plaintiffs want discovery on all of the numerous properties owned by Lamm, Nakdimen, and their many holding companies, regardless whether those properties are known to the Town or actually located in the Town or Village, whether anyone has taken any action against those properties, or whether they have any bearing on the claims in this case.

**Requests 7, 17, and 19** seek documents concerning "Plaintiff Properties," defined as property owned by current Plaintiffs or Former Plaintiffs, and "Other Plaintiff Properties," defined as "any properties located in Sullivan County, New York and owned by Plaintiffs; Former Plaintiffs; Shalom Lamm; Kenneth Nakdimen; Black Creek Holdings, LLC; Sullivan Farms III, LLC; Sullivan Farms IV, LLC; BBC 2, LLC; Bloomingburg Rentals, LLC; Kaufman Farms, LLC; or entities affiliated with them, other than the Plaintiff Properties." **Requests 9, 17, 20, and 21** call for documents relating to "Former Plaintiffs" – those dismissed from the suit.[4] **Request 3** is an amalgamation of all these demands, seeking "all documents" concerning Plaintiffs, "Former Plaintiffs", and "any of their affiliates, partners, employees, consultants, or agents, including but not limited to [those defined as 'Other Plaintiff Properties.']"

---

[3] Plaintiffs assert, without explanation, that Town Defendants' actions with respect to these dismissed issues might somehow be relevant to their intent with respect to the mikvah, but those issues have nothing to do with the *mikvah*. It appears Plaintiffs intend to engage in several sub-litigations on the dismissed claims, to prove those claims, and to then argue that improper action with respect to the religious school or vote against dissolution somehow equals improper action with respect to the mikvah. This strategy is entirely disproportionate with the needs of this case. Plaintiffs should not be permitted to turn one issue – the mikvah – into an opportunity to litigate every single Town action with which they disagree.

[4] Plaintiffs should not be permitted wide-ranging discovery on plaintiffs this Court already dismissed from this suit.

SOKOLOFF STERN LLP

Hon. Kathleen B. Forrest
September 8, 2015
Page 4 of 5

It should not be up to either the Defendants or the Court to disentangle the meanings of these various requests, including the corporate structures of Plaintiffs, Former Plaintiffs, and their many partners and affiliates, and their various holdings inside and outside the Town and Village. Lamm and Nakdimen are developers who – through various holding companies – have bought up a myriad properties in Sullivan County. They should not be permitted in this litigation to seek discovery on every one of those properties without regard to the relevance to this case. If Plaintiffs want discovery for specific properties, they should identify those properties specifically and be prepared to explain how they are relevant to the claims or defenses in this case. As they stand, these demands should be denied as irrelevant, vague, overbroad, unduly burdensome.

**(2) "Documents Concerning the Religious School" and (5) "Documents Concerning Other Municipal Act"** As set forth more fully above, the Court dismissed claims relating to the religious school (**Req. 5**), the dissolution of the Village Planning/Zoning Boards (**Req. 11**), proposed dissolution of the Village (**Req. 12**), and the Village building moratorium **(Req. 13)**, placing these matters outside the scope of permissible discovery under Rule 26. Should the Court find that these requests are relevant to the remaining claims, Defendants respectfully request that the Court limit these requests, all of which broadly call for "all documents and communications" concerning these topics. If, for example, Plaintiffs are really looking for "communications between the Town and Village over … the dissolution of the Village planning board in advance of the state court's mandate that the Village approve Plaintiffs' plans," then Plaintiffs should be required to limit their demands accordingly.

In terms of overbreadth, lack of relevance, and burden on the Town, **Request 24** is standout. This demand calls for "All Documents and Communications since January 1, 2011, concerning the issuance of building permits and certificates of occupancy to other Mamakating properties." That is, it seeks all documents about all building permits and all certificates of occupancy for all properties in the entire Town for more than five years. The demand is too broad, unduly burdensome, and unlikely to uncover relevant material. *See Chen-Oster v. Goldman, Sachs & Co.*, 293 F.R.D. 557 (S.D.N.Y. 2013) (Denying discovery of "all" complaints by female employees in disparate impact case where "The likelihood that such a complaint would lead to anecdotal evidence of a disparate impact is outweighed by the burden of production.")

**(3)** "**Communications involving the RCC and the Rural Heritage Party concerning Plaintiffs, their real estate projects, and the group's objectives."** The Town would not object to providing communications with the RCC and Rural Heritage Party concerning Plaintiffs and the real estate projects that are a part of this litigation, but, again, Plaintiffs' actual requests call for much more than just this relevant information. **Request 8** calls for "All Documents and Communications concerning the election campaign of William Hermann, Frank Gerardi, James Johnson, Katherine Roemer, and any other Defendant, or any candidate supported by the Rural Community Coalition ("RCC") or the Rural Heritage Party," regardless the document type or subject matter. **Request 14** calls for "All Documents and Communications concerning the RCC or the Rural Heritage Party," including all communications between any Town official and any RCC or RHP member, also without regard to subject matter. There is no way that *all* election

SOKOLOFF STERN LLP

Hon. Kathleen B. Forrest
September 8, 2015
Page 5 of 5

campaign documents and *all* communications, regardless the topic, could be relevant to the claims or defenses in this case. It is telling that Plaintiffs have made no effort to explain or defend these demands. Defendants' objections to these demands should be sustained.

**Request 15** is overbroad and seeks irrelevant information in that it calls for communications regarding "Former Plaintiffs," "Other Plaintiff Properties," and "development in Bloomingburg and/or Mamakating," without specifying the type of development or its relevance to this case. Plaintiffs should be required to propound a request that is more proportional and narrowly tailored to the claims and defenses in this case.

**(5) "Documents Concerning Alleged Voter Fraud and Voter Disenfranchisement"** Plaintiffs demand responses to **Requests 18 and 22** not because they are relevant to this action – they aren't – but because of purported relevance to the *Smilowitz* case. If Plaintiffs were seeking these records for *Smilowitz*, they should have served demands with the *Smilowitz* caption, putting all parties in that action on notice and giving them an opportunity to object. The demands are identified only by this case and should be used only for this case. Moreover, the demands are overbroad and unduly burdensome for any case. **Request 18** calls for all documents "concerning the validity of any voter registration within the Village, Town, or of any vote cast in any Village, Town, or state election." It is not tailored to discovery for *any* particular case, much less this one and *Smilowitz*. **Request 22** seeks Herrmann's communications with the Sullivan County Board of Elections, but no such communications are at issue in this or the *Smilowitz* case. And documents about "any allegations of voter fraud or improper voting in Bloomingburg or Mamakating," without regard to the identity of accuser or accused, are not tailored to either case.

**(6) "Documents Concerning William Herrmann"** Defendants do not have documents responsive to **Requests 26 and 27**, and they will produce documents responsive to **Request 28**.[5]

Thank you for your attention to this matter.

> Respectfully submitted,
> SOKOLOFF STERN LLP
>
> Leo Dorfman

---

[5] It is unclear why Plaintiffs raise **Request 10** or claim that we "have been unable to reach agreement." Nor is it clear why they would misrepresent the Town's statements and position on the request. The Town fully understands its e-discovery obligations and never said that it "did not understand 'documents' to include webpages." Defendants are not in possession of documents responsive to the request, i.e., documents the Town agrees would be "sufficient to establish any contribution to, or ownership, control or possession of, the Mamakating Town Crier by William Hermann, Catherine Owens Herrmann, or any other employee of the Town." If there are documents Plaintiffs believe would be sufficient to establish contribution, ownership, control, etc., Plaintiffs are free to request those specific documents, but the Town is not obligated to concede that such documents "establish" anything.