**BABCHIK & YOUNG, LLP**
ATTORNEYS AT LAW

245 MAIN STREET, SUITE 330
WHITE PLAINS, NY 10601
TEL (914) 470-0001
FAX (914) 470-0009

Writer's Extension 15

March 3, 2016

Hon. Katherine B. Forrest
United States District Judge
United States District Court
Southern District of New York
500 Pearl St. New York, NY 10007-1312.

Re:  Subpoena served on West End Strategy Team;
*Sullivan Farms v. Bloomingburg*
<u>14 CV 07250</u>

Dear Judge Forrest:

We represent West End Strategy Team ("West End"), in connection with a subpoena served on West End in the context of the above-referenced litigation. We submit this letter pursuant to Your Honor's February 24, 2016 Order concerning Plaintiff's letter-motion seeking to compel compliance with a subpoena served on West End in the above-referenced litigation.

West End provided consulting services for one of the named Defendants, the Town of Mamakating (the "Town"), in the context of litigation between, *inter alia*, the Town and the Village of Bloomingburg (the "Village") on the one hand and the Plaintiffs (broadly, the "Developers"), on the other hand. West End did research in advance of and in furtherance of the litigation and helped the Town and the Town's attorneys to develop messaging and strategy for the litigation.

Plaintiff's subpoena calls for the production of "all" documents (very broadly defined) concerning:

- West End's dealings with the Town or Village;

- Counsel for the Town and Village in the action commenced against the Developers on or about April 14, 2015;

- Litigation against the Developers;

- West End's engagement by the Town;

- Communications between West End and agents and representatives of the Town or Village; and

- Communications between West End and certain individuals and organizations who opposed the Development.

Every one of these demands implicates documents created for purpose of planning and advancing the Town's litigation strategies. We are advised that the Town (and Village), have, therefore, taken the position the subpoena calls for documents that are protected by the attorney-client and work product privileges and/or otherwise exempt from disclosure as, *inter alia*, material prepared in the context of, and in preparation for, litigation. We are further advised that the Town is asserting those privileges and will be submitting opposition to the Court.

West End respectfully submits that the Town is the client that "possesses" the privilege and it is, therefore, for the Town to assert. As noted above, we have been advised that the Town is, indeed, asserting its privilege and West End joins in the Town's opposition.

In addition, West End is bound by a Non-Disclosure Agreement that precludes it from disclosing documents or information about its business dealings with or on behalf of the Town.

Furthermore, one of the factual "predicates" apparently under-girding the subpoena is incorrect. Specifically, the Developers suggest that West End was involved in retaining counsel for the Town in the Town's litigation against the Developers. This allegation is also contained in a news article that accompanied the subpoena. In point of fact, West End did not retain counsel for the Town. West End had no involvement whatsoever in retaining counsel for the Town. To the contrary, West End took direction from the Town's attorneys.

In addition, West End objects on the grounds of undue burden. In this regard, West End does not have an "IT" department or otherwise "dedicated" employees who can easily retrieve its communications about the litigations. As such, the "universe" of documents potentially responsive to the subpoena is unclear but, upon information and belief, it is estimated to include hundreds of e-mails. It is patently unfair that West End, a small entity, be burdened with the unwarranted expense of complying with a clearly improper subpoena. In this regard West End would not even be able to prepare a privilege log (or other outline) of the e-mails without undergoing this expense. Should the Court order that these documents be reviewed, notwithstanding the privilege and the

burden of doing so, we respectfully request that Plaintiffs be required to shoulder the expense.

We thank the Court for its attention these matters. If Your Honor has any questions or comments, or wishes to conference this matter further, we are, of course at the Court's convenience.

Respectfully submitted,

Jordan Sklar

cc: Leo Dorfman, Esq.
Sokoloff Stern, LLP
*Attorneys for the Town*
179 Westbury Avenue
Carle Place, New York 11514
ldorfman@sokoloffstern.com

Steve Engel, Esq.
Dechert, LLP
*Attorneys for Plaintiffs*
1900 K Street, NW
Washington, D.C. 20006
steven.engel@dechert.com