# AVROM R. VANN, P.C.
ATTORNEY-AT-LAW
1211 AVENUE OF THE AMERICAS-40TH FLOOR
NEW YORK, NEW YORK  10036-8718

(212) 382-1700

AVROM R. VANN, P.C.*

FACSIMILE NO. (212) 661-6976

*MEMBER NEW YORK
AND NEW JERSEY BARS

July 12, 2018

Honorable Katherine B. Forrest
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      RE:    Our Client:   Malka Rosenbaum
                  The Bloomingburg Jewish Education Center, et al. v. Village of Bloomingburg, New York et al.
                  United States District Court Docket Number: 14-cv-07250

Dear Judge Forrest:

      I have been retained by Mrs. Malka Rosenbaum in connection with an ongoing dispute between Mrs. Malka Rosenbaum and her former counsel, Dechert LLP ("Dechert"), pertaining to the fact that after this case was settled for Two Million Nine Hundred Thousand Dollars ($2,900,000.00), Dechert advised Mrs. Rosenbaum that the entire proceeds of the settlement were going to be applied to legal fees and no funds were available to Mrs. Rosenbaum and her family out of the Two Million Nine Hundred Thousand Dollars ($2,900,000.00) settlement fund; however, Dechert offered to send the meager sum of Five Thousand Dollars ($5,000.00) to Mrs. Rosenbaum to compensate her for time and expenses.

      On behalf of Mrs. Rosenbaum I believe that I have two possible courses of action to take which are:

      1.    A proceeding before this Court, being the Court in which the entire case was handled, to determine the entitlement of Mrs. Rosenbaum and her infant children to a portion of the settlement proceeds; or

      2.    The commencement of an entirely new lawsuit on behalf of Mrs. Rosenbaum and her minor children against Dechert in the Supreme Court of the State of New York to resolve Mrs. Rosenbaum's claim to a portion of the settlement proceeds.

## AVROM R. VANN, P.C.

Honorable Katherine B. Forrest
United States District Court
Southern District of New York
July 12, 2018

Page:    2

The salient facts are that this action was commenced by various Plaintiffs including Mrs. Rosenbaum to recover a Judgment against the Village of Bloomingburg, New York and other named Defendants.  The action was commenced in the year 2014.  After both Mrs. Rosenbaum and her husband, among other parties,  were deposed this lawsuit was settled.  Under the terms of the settlement the Defendants paid to the Plaintiffs collectively Two Million Nine Hundred Thousand Dollars ($2,900,000.00).

After the settlement was implemented, by letter dated November 11, 2016 (the "November Letter") from Benjamin M. Rose, Esquire of Dechert to Mrs. Rosenbaum, my client was informed that Dechert was retaining all of the settlement proceeds in payment of litigation costs; however, Dechert offered to pay Mrs. Rosenbaum Five Thousand Dollars ($5,000.00) to compensate her for time and expenses in connection with the lawsuit.  In the November Letter to Mrs. Rosenbaum, Dechert stated that Sullivan Farms, one of the other Plaintiffs, had authorized Dechert to provide Five Thousand Dollars ($5,000.00) to Mrs. Rosenbaum from the settlement proceeds.

At no time was Mrs. Rosenbaum's consent to the settlement requested nor given.  Moreover, at no time prior to the implementation of the settlement was Mrs. Rosenbaum advised that she would not be receiving any portion of the settlement funds, notwithstanding that both she and her infant children sustained damages as a consequence of the wrongful conduct of the Defendants.

After I was retained by Mrs. Rosenbaum I sought to amicably resolve this matter with Dechert.  In correspondence sent to me dated March 6, 2018 by Arthur Newbold, Esquire, another attorney at Dechert, Mr. Newbold stated that Sullivan Farms had agreed to pay all of Dechert's counsel fees in the case in which Mrs. Rosenbaum did become an individual Plaintiff.   Mr. Newbold stated that the basis for Mrs. Rosenbaum's claims were that the Defendants were preventing her community from establishing a religious school and mikveh (a ritualarium used for religious purposes) to her great disadvantage and that the actions of the Defendants violated Mrs. Rosenbaum's Civil Rights.

Mr. Newbold further stated that as the settlement was being negotiated, Benjamin Rose, Esquire, called Mrs. Rosenbaum to describe its proposed terms.  According to Mr. Newbold, Mr. Rose explained that by the terms of the proposed settlement there would be a new religious school and a new mikveh and the lawsuits brought to prevent those things would be dismissed.  Mr. Newbold asserted in his email to me of March 6, 2018 that Mrs. Rosenbaum expressed satisfaction to Mr. Rose.  Mr. Newbold further stated in his March 6 email that because Mrs. Rosenbaum had agreed that Sullivan Farms would make all litigation decisions, Mr. Rose did not ask Mrs. Rosenbaum for her consent to the proposed settlement but she said that she agreed with it.  He further stated that Mrs. Rosenbaum in that conversation did not suggest that she was entitled to receive any of the Two Million Nine Hundred Thousand Dollar ($2,900,000.00) settlement fund.

# AVROM R. VANN, P.C.

Honorable Katherine B. Forrest
United States District Court
Southern District of New York
July 12, 2018

Page:    3

  Mr. Newbold's March 6 email further states that the counsel fees in this case exceeded Two Million Nine Hundred Thousand Dollar ($2,900,000.00).  Nevertheless, he states that after Mr. Rose's conversation with Mrs. Rosenbaum Sullivan farms decided to offer each of the two individual plaintiff's Five Thousand Dollars ($5,000.00) for the time they had spent as Plaintiffs.  He correctly notes that Mrs. Rosenbaum did not accept that offer.

  My view and that of Mrs. Rosenbaum is that inasmuch as Dechert served as counsel to Mrs. Rosenbaum and in addition, although not named as Plaintiffs, Dechert effectively served as counsel to her infant children.  As such Dechert had an absolute and unqualified obligation to not only discuss the settlement with Mrs. Rosenbaum but to make it clear to her that if the settlement proceeded on the terms that had been outlined, neither Mrs. Rosenbaum nor her infant children would receive any of the proceeds.  Had she been given that information, Mrs. Rosenbaum would never have indicated her approval of the settlement.  Clearly, both she and her children sustained violations of their Civil Rights for which they were entitled to monetary compensation.  But for the fact that these violations of Civil Rights took place, the Defendants would not have paid a settlement of Two Million Nine Hundred Thousand Dollars ($2,900,000.00) to the Plaintiffs.

  Additionally, a claim that the legal fees incurred exceeded the amount of the settlement had to be communicated in that very first conversation and Mrs. Rosenbaum afforded an opportunity to reject the proposed settlement as inadequate.  It is also my position that the damage claims in the Amended Complaint are based upon damages sustained by Mrs. Rosenbaum and her minor children all of whom are referred to in the the Amended Complaint as having sustained damages.  The following provisions of the Amended Complant allege these damages, i.e. Paragraph 9 of the Amended Complaint [ECF 43 at Page 5] states that the children were deprived of their ability to attend school for the 2014 - 2015 school year, Paragraph 25 [ECF 43 at Page 10] alleges that Malka Rosenbaum has seven (7) children whom she currently home schools because the Bloomingburg Jewish Education Center was prevented from opening by the Defendants and further alleges that Malka Rosenbaum has been subject to other acts of discrimination, and Paragraph 124 [ECF 43 at Page 35] alleges that Malka Rosenbaum has seven (7) children ages 3 months to 14 years and that as Mrs. Rosenbaum is not competent to teach her sons all of the subjects required under their religious beliefs, her husband, Rabbi Chaim Rosenbaum, upon his  return from work must spend additional time in the evenings teaching his children.  Clearly children are not at their best after an entire day to be able to absorb further educational lessons in the evenings from their father upon his return from work.  Additionally, Paragraph 341 of the Amended Complaint [ECF 43 at Page 83] alleges violations of the rights of the Chassidic children, which would include the Rosenbaum children, to exercise their guaranteed right to education and religious exercise.

AVROM R. VANN, P.C.

Honorable Katherine B. Forrest
United States District Court
Southern District of New York
July 12, 2018

Page:   4

I submit that prior to implementing the settlement of this case, Court approval had to be sought and obtained as the settlement resolved claims of the minor children. In determining whether an infantcompromise should be approved, "the Court's role is to 'exercise the most jealous care that no injustice be done' to the infant." L.D. v. City of New York, 2018 U.S. Dist. LEXIS 87574 (U.S.D.C. S.D.N.Y 2018). In L.D v. City of New York the Court stated in pertinent part:

> In determining whether an infant compromise should be approved, "the Court's role is to 'exercise the most jealous care that no injustice be done' to the infant." Southerland v. City of New York, CV-99-3329 (CPS), 2006 U.S. Dist. LEXIS 53582, 2006 WL 2224432 at *2 (E.D.N.Y. Aug. 2, 2006), Quoting Anderson v. Sam Airlines, 94 Civ. 1935, 1997 U.S. Dist. LEXIS 23634, 1997 WL 1179955 (E.D.N.Y. Apr. 25, 1997); accord Kahleem Smalls v. City of New York, CV-15-05672 (ST), 2016 U.S. Dist. LEXIS 84573, 2016 WL 3620764 at *1 (E.D.N.Y. June 29, 2016); D. v. City of New York, 14 Civ. 7131 (JGK)(HBP), 2016 U.S. Dist. LEXIS 112638, 2016 WL 4734592 at *2 (S.D.N.Y. Aug. 22, 2016) (Pitman, N.J.) (Report & Recommendation), adopted at, 2016 U.S. Dist. LEXIS 122410, 2016 WL 4735365 (S.D.N.Y. Sept. 9, 2016) (Koeltl, D.J.). In this district, Local Rule 83.2(a)(1) provides that
> [a]n action by or on behalf of an infant or incompetent shall not be settled or
>
> compromised . . . without leave of the Court embodied in an order, judgment or decree. The proceeding upon an application to settle or compromise such an action shall conform, as nearly as may be, to the New York State statutes and rules, but the Court, for cause shown, may dispense with any New York State requirement.
> Consistent with the applicable New York State statutes and rules, the
>
> analysis centers on "whether: (1) the best interests of the infant are protected by the terms and conditions of the proposed settlement; and (2) the proposed settlement, including any legal fees and expenses to be paid, as part of the proposal, are fair and reasonable." Martegani v. Cirrus Design Corp., 687 F. Supp. 2d 373, 377 (S.D.N.Y. 2010) (Fox, M.J.), citing Local Civ. R. 83.2(a); N.Y. Jud. L. § 474; N.Y. C.P.L.R. §§ 1205-08; see also Edionwe v. Hussain, 7 A.D.3d 751, 753, 777 N.Y.S.2d 520, 522 (2d Dep't 2004) (required analysis is whether settlement is "fair and reasonable and in the infant plaintiff's best interests")[1].

---

[1]   Mrs. Rosenbaum is not looking to set aside or vacate the settlement but is looking to recover a proper participation for herself and her minor children in the settlement

## AVROM R. VANN, P.C.

Honorable Katherine B. Forrest
United States District Court
Southern District of New York
July 12, 2018

Page:    5

    I submit on behalf of Mrs. Rosenbaum and her infant children that a settlement in which the entire proceeds are applied to legal fees is inherently unfair and unreasonable.

    The purpose of this letter is to inquire of the Court as to whether the Court wishes to have the issues presented in this letter adjudicated before this Court or declines to hear these issues in which case Mrs. Rosenbaum will timely commence an action in the Supreme Court of the State of New York against Dechert to pursue her entitlement to a portion of the settlement funds.

    We are available for a conference with the Court should the Court wish to hold a conference on this matter.

    Respectfully submitted,

    AVROM R. VANN, P.C.

    S/ Avrom R. Vann

By: _____
    Avrom R. Vann, Esquire

ARV: dat
CC:    Dechert LLC
        Via ECF and By Ordinary Mail

J:\ROSENBAUM_MALKA\Forrrest_Kathernine 2018-7-12.wpd

---

    proceeds.